*HILL ET AL. vs. STEAM BOAT OREGON.*

Eastern District.
*June,* 1830.

The owner of corn sold by the master of a steam-boat has no privilege on her, although her Captain afterwards applies the proceeds to the use of the boat.

HILL AND AL.
*vs.*
STEAM-BOAT
OREGON.

APPEAL from the court of the first district.

These cases commenced by attachment, and the only question was as to privilege for supplies furnished to the steam-boat Oregon.

MARTIN, J. delivered the opinion of the court.

These are attachment cases by persons who furnished supplies to the steam-boat Oregon, owned by the defendants. They were consolidated.

Appeals were taken by Bowman, one of the defendants, and Mansker and Gray et al. The plaintiffs, Hill et al. have also prayed that the judgment may be amended in their favor.

Bowman's counsel has complained that the judgment against his client is against law and equity. We are unable, after a close examination of the record, to see how this general objection may be substantiated.

Eastern District.
*June*, 1830.

HILL AND AL.
*vs.*
STEAM-BOAT
OREGON.

The owner of corn sold by the master of a steam boat has no privilege on her, although her captain afterwards applies the proceeds to the use of the boat.

Mansker complains he was denied a privilege for a small supply of wood, and the proceeds of a quantity of corn he had on board which was sold by the captain, and the proceeds of the sale applied to the use of the boat. The district judge was of opinion that as these proceeds were not advanced by the claimant for the use of the boat, and therefore he has no privilege. The *New Code, art.* 3204, gives a privilege for money lent to the captain for the necessities of the ship, and under this part of the code the claimant has no privilege; but the code gives a privilege for the reimbursement of the price of merchandise sold by the captain for the necessities of the ship. Now, it is evident this appellant's corn was sold by the captain, and the proceeds were disbursed for the use of the boat. It does not appear that the captain had any authority from the appellant to sell his corn, and the latter may present the use that was made of the proceeds of the sale as strong presumption of the intention in which it was made. It is also in evidence that this appellant supplied a few cords of wood for the use of the boat, for the price of which he has a privilege.

This appellant urges that the attachment of Hill & al. the first attaching creditors, was not legally executed, and he claims a privilege over them.

Eastern District.
*June*, 1830.

HILL AND AL.
*vs.*
STEAM-BOAT
OREGON.

We cannot see how we can notice this : the judgment settles only the privileges of the respective claims of the attaching creditors. It settles nothing as to the preference they may have from a priority of suit. We consider as nothing in this regard as settled by the judgment; it is a matter to be acted on afterwards, and we are not ready to say that a partner creditor may have all the advantages which the debtor may claim from any irregularity in the execution of process.

Gray and others claimed a privilege for a supply of liquors, sugar, coffee and groceries, for the use of the boat to the amount of upwards of one thousand seven hundred dollars.

The district court from the very great amount of the supply concluded it was to be considered,not as provisions for the use of the boat, but as merchandise bought for sale.

We think that in this respect he did not err. These appellants claim also a privilege as

Eastern District.
*June,* 1830.

HILL AND AL.
*vs.*
STEAM-BOAT
OREGON.

being among the first attaching creditors. This claim cannot be considered in the present state of the case.

Lastly, Hill & al. the appellees have prayed the judgment to be amended by allowing them as attaching creditors a privilege for the whole of their claim, having only been allowed one fourth part of their claim, from which it results from the nature of the claim.

The observations we have made in the case of the appellants Mansker, and Gray & al. apply to these appellants. The district court has acted only on the privileges resulting from the nature of the claims.

It is therefore ordered, adjudged, and decreed that the judgment of the district court, so far as it regards the appellant Mansker, be annulled, avoided, and affirmed, as far as it regards the other appellants and appellees, with costs, and that the defendant Mansker recover from the defendants with privilege the sum of four hundred and thirty-seven dollars, and sixty-six cents, as a privileged claim on the boat, with costs in both courts.